## Branella v. Southeastern Pennsylvania Transportation Authority

*Frank D. Branella*, for plaintiff.
*Joseph F. Kenner, Jr.*, for defendant.

WILSON, *J.*, August 21, 1978—After trial held before me on August 14, 1978, I make the following findings of fact and conclusion of law:

## FINDINGS OF FACT

1. Plaintiff has been engaged in the operation of a beauty salon known as F. Anthony Hair Stylist, in Penn Center Concourse, Philadelphia, Pa., for 20 years.

2. Defendant, Southeastern Pennsylvania Transportation Authority (SEPTA), acquired the premises following the bankruptcy of Penn Central Railroad, said acquisition being in early 1977.

3. Pursuant to the provision of plaintiff's lease, defendant terminated the lease by giving 90 days notice.

4. Subsequent to said termination, plaintiff and defendant negotiated a lease to extend for one year from August 31, 1977, to August 31, 1978, pursuant to the provisions of the Act of August 14, 1963, P.L. 984, sec. 28(f), 66 P.S. §2028.

5. In February of 1977, defendant advised plaintiff of its bidding procedure for the leasing of property owned by SEPTA.

6. In June of 1978, SEPTA, in accordance with the provision of the Act of August 14, 1963, P.L. 984, sec. 28(b) and (g), advertised and mailed invitations to bid on the lease of premises for the period of five years beginning September 1, 1978.

## CONCLUSION OF LAW

Upon reviewing the controlling statute it is clear

to this court that the Act of August 14, 1963, P.L. 984, sec. 28, as amended, gives no choice to SEPTA: the lease of authority-owned property and the grant of concessions are to be pursuant to the provisions of subsection b of the act by public bids. This court can not compel SEPTA to take action which it has no statutory authority to do.

Plaintiff urges that the statutory interpretation requires that we enjoin the action of SEPTA because the legislature would not intend an oppressive, unjust and absurd result. The court finds no evidence that SEPTA's actions produced an oppressive, unjust or absurd result. What the legislature did here was to create a system it felt to be fair, equitable and reasonably free from corruption.

The law clearly requires that in order for the lease and concession to be granted SEPTA must first advertise the intention to lease in a local newspaper two weeks in advance and submit invitations to bid to at least three qualified bidders at least one week in advance. Such lease *shall* be granted to the highest bidder.

SEPTA is a creation of the legislature having only limited powers. It lacks the power to negotiate a lease and must accept bids. The court is compelled to dismiss plaintiff's petition and find for defendant.

## DECREE NISI

And now, August 21, 1978, upon consideration of testimony heard, evidence presented, and the foregoing findings of fact and conclusion of law, the court finds for defendant, SEPTA, and plaintiff's petition is hereby dismissed.